M. A. MOORE V. JOEL GRIFFIN *et ux.*

No. 14,170.    (83 Pac. 395.)

SYLLABUS BY THE COURT.

1. CONVEYANCES—*Exception in a Deed.* A deed to real estate construed, and *held*, that a certain provision constitutes an exception and not a reservation, and that the title to the oil and gas in the land remained in the grantors.

2. —————— *Purchaser with Constructive Notice — Oil-and-gas Lease.* The owners of lands made a lease of the oil-and-gas privileges therein. Afterward they conveyed the lands by warranty deed, excepting and reserving all rights and privileges secured to them by the lease and "all oil-and-gas privileges in and to said premises." Their grantee conveyed by general warranty to another, without any reservation or exception. Thereafter the oil-and-gas lease was canceled by consent of the parties to the lease. All of the conveyances being of record, a subsequent purchaser of the lands, having constructive notice, took no interest in the oil and gas; and the cancelation of the lease did not extinguish the rights of the original owners nor vest the right to the oil and gas in the owner of the land at the time of such cancelation.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed November 11, 1905. Affirmed.

STATEMENT.

PLAINTIFF brought this suit against Joel Griffin and wife to quiet the title to 160 acres of land in Wilson county. The case was tried by the court and defendants had judgment, of which plaintiff complains.

On September 24, 1894, defendants owned the land in fee. On that date they conveyed by general warranty deed to Susan J. Gore, who afterward conveyed to another, and by regular conveyances the title passed to plaintiff, March 5, 1901. The deed made by defendants to Susan J. Gore contained an exception, or reservation, out of which arises the sole contention in this case. The deed recites a consideration of $6000,

and in the granting clause, following the description of the land, is this provision:

"Reserving to said parties of the first part, their heirs and assigns, all the rights, privileges and benefits secured to the parties of the first part under an oil-and-gas lease executed by said parties of the first part to Guffey & Galey, dated April 9, 1894, with full power and right to renew or extend, change or modify said lease with the said Guffey & Galey or their heirs and assigns as fully and to the same extent as though this conveyance had not been executed. It is intended hereby to reserve all oil-and-gas privileges in and to said premises and to lease and transfer the same."

The warranty clause of the deed closes as follows: "Except as above set forth, and the right at all times to enter upon said premises to operate for oil and gas."

The oil-and-gas lease referred to in the deed had been executed to Guffey & Galey by defendants several months prior to their conveyance to Susan J. Gore, and contained the usual provisions. It was duly recorded in April, 1896, but prior to the purchase of the lands by plaintiff.

In March, 1896, defendant Joel Griffin made an extension, and what purports to be an assignment, of his lease to the Forest Oil Company; and in August, 1897, with the consent of Guffey & Galey and the Forest Oil Company, the lease was canceled. These transfers and the release were attached to the original lease and duly recorded. In none of the conveyances subsequent to the first (from the Griffins to Mrs. Gore). was any reference made to this lease or to any exception or reservation of the oil and gas, and plaintiff claims that he purchased without actual or constructive notice of either.

*T. J. Hudson,* for plaintiff in error.

*Cates & Cates,* and *B. F. Shinn,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.:  Plaintiff in error fails to specify in his brief any errors complained of, as required by rule 10 of this court, and the judgment might be affirmed for this reason.  It is a case, however, in which particular specifications are not so material.  The main contention is that the judgment is not sustained by sufficient evidence and is contrary to law.

Most of the testimony was in reference to the actual knowledge plaintiff had of the lease and exception referred to in the first deed.  The court very properly ruled all of it out of the case.  Whether he had actual notice was immaterial.  He was bound by the recitals in the former deed.  (*Knowles v. Williams,* 58 Kan. 221, 228, 48 Pac. 856.)

The case turns upon the force and effect of the provision in the deed.  Plaintiff argues that it is a reservation instead of an exception.  Considerable learning has been expended in refining the distinctions between an exception in a deed and a reservation.  Strictly speaking, a reservation is something created or reserved out of the thing granted that was not in existence before, while an exception must be a part of the thing granted.  (*Winston v. Johnson,* 42 Minn. 398, 45 N. W. 958.)  A similar provision in a deed was held to be an exception and not a reservation in *Barrett v. Coal Co.,* 70 Kan. 649, 79 Pac. 150.  There the provision was as follows:

"This deed is made subject to the following exceptions, reservations, and conditions, to wit:  The said party of the first part hereby reserves the coal and all other mineral underlying said land."

The deed in that case contained both words, "exceptions" and "reservations," but otherwise the provision is similar to the one here.  The modern tendency of the courts has been to brush aside these fine distinctions and look to the character and effect of the provision itself.  (*Gould v. Howe,* 131 Ill. 490, 23 N. E. 602.)  While the distinction between an exception and a res-

ervation in a deed is well established, the words are frequently used interchangeably and synonymously. (11 A. & E. Encycl. of L. 555.)    In Bainbridge on Mines and Minerals it is said:

"The severance of mines is usually effected by exceptions in deeds of assurance, which transfer the freehold in the surface and reserve the mines.    An exception is distinquished from a reservation by its being part of the thing granted and in existence at the time of the grant, while the latter is a right of new creation arising out of the subject of the grant.  They are different in legal effect, but in their creation 'there is no magic in words,' and if the meaning is clear, either of the above expressions will operate for the purpose designated.    They are also construed exactly in the same way as actual grants.    In either case the law favors their construction by giving them all proper and necessary incidents."    (Page 34.)

"The owner of land may convey a surface estate in fee in it, and reserve to himself an estate in fee in the minerals or any particular species of them, in which case the vendor holds a distinct and separate estate in the minerals.    By this severance each estate is subject to the law of descent, devise and conveyance." (*Kincaid, &c., v. McGowan, &c.*, 88 Ky. 91, 4 S. W. 802, 13 L. R. A. 289.)

Another case very much in point is *Murray v. Allred,* 100 Tenn. 100, 43 S. W. 355, 39 L. R. A. 249, 66 Am. St. Rep. 740.    There the owner of land made a conveyance reserving "all mines, minerals and metals in and under" the same.    His grantee conveyed by general warranty, without any reservation. Allred, who took by regular chain of conveyances, brought an action to determine the ownership of the petroleum oil beneath the lands, claiming that oil is not a mineral, but that, if it should be held to be a mineral, his possession of the surface was adverse to the claim of defendant to the oil.    The court in an exhaustive opinion held that oil is a mineral, and recognized the doctrine that the exception in the deed separated the estate in the minerals from the estate in the lands, and that the possession of the surface of the land, without any denial of the mineral rights, was not adverse to the claim of the owner of the minerals.

Different estates may be created in the surface and soil of lands and the underlying strata in which minerals, oils and gas may be found; and this separation of estates may be accomplished by an exception in the deed conveying the lands by which the grantor carves out and retains the right to the minerals in the land. The right retained by the exception is the ownership of the minerals. (*Chartiers Block Coal Co., Appellant, v. Mellon,* 152 Pa. St. 286, 25 Atl. 597, 18 L. R. A. 702, 34 Am. St. Rep. 645; *Koen v. Bartlett,* 41 W. Va. 559, 23 S. E. 664, 31 L. R. A. 128, 56 Am. St. Rep. 884.)

Plaintiff contends, however, that the cancelation of the Guffey & Galey lease, mentioned in the exception, operated to extinguish the rights of defendants therein and to vest in the owner of the lands all the rights in the oil and gas. The case of *Joseph Farnum v. Abiel Platt,* 25 Mass. 338, 19 Am. Dec. 330, is in point. The owner of real estate, having leased a stone-quarry thereon for a term of years, conveyed the land, reserving the use of the quarry until the expiration of the lease. During the continuance of the term the lease was canceled by consent. It was held that this did not extinguish the reservation, but that it would continue until the end of the term. Besides, the rights of defendants in the oil and gas do not depend upon the existence of the lease. The deed excepted and saved to them not only their rights under the lease but "all oil-and-gas privileges in and to said premises."

The provision in the deed to Mrs. Gore is an exception, as distinguished from a reservation. Its force and effect was to carve out a separate estate in the oil and gas from the estate in the surface and soil. The title to the surface and soil of the lands passed to the grantee; the title to, and ownership of, the oil and gas. in the lands remained with the grantors.

The judgment is affirmed.

All the Justices concurring.