E. B. ROBERTSON, *Appellant,* v. O. E. TALLEY *et al.,* *as Partners, etc., Appellees.*

No. 17,092.

SYLLABUS BY THE COURT.

1. CONTRACTS—*Sale of Land by One Who Has No Title.* One may bind himself personally by an agreement to furnish a deed to land owned by another, even when he has no present interest therein and no means of compelling a conveyance.

2. —— *Sale of Land by One Who Has No Title—Statute of Frauds.* Such a contract, being in effect one for the sale of land, is not enforceable unless in writing.

3. —— *Void Instrument — Return of Consideration.* Where one agrees orally that for a certain sum to be paid him he will procure a deed to another from the owner of a tract of land, and under color of such agreement delivers a paper purporting to be such a deed and receives the stipulated amount, he is liable for a return of the money upon the instrument turning out to be a forgery, regardless of what he may have paid to the person of whom he obtained it, and notwithstanding his own good faith in the transaction.

52—84 KAN.

4. ——— *Void Instrument — Expenses of Grantee in Suit to. Quiet Title Not Recoverable.* Under such circumstances the grantee in the forged deed can not recover from the person from whom he obtained it the expenses of defending an action brought by the owner of the land to remove the cloud cast on the title by the recording of the spurious conveyance.

Appeal from Cheyenne district court. Opinion filed May 6, 1911. Reversed.

*J. L. Finley,* and *W. S. Langmade,* for the appellant.
*E. E. Kite,* and *Fred Robertson,* for the appellees.

The opinion of the court was delivered by

MASON, J.: E. B. Robertson sued O. E. Talley and W. H. Stine. A demurrer to his petition was sustained and he appeals. The petition alleged in substance that the defendants entered into a verbal agreement with the plaintiff that they would furnish to him a deed to a tract of land, owned by another person, in considera- tion of the payment to them of $600, which was to be the full purchase price of the land and the compensa-. tion of the defendants; that the defendants delivered to him an instrument purporting to be a deed to him from the owner, conveying the tract in question; that relying on the statements of the defendants, he be- lieved the instrument to be such a deed, accepted it, and paid them $525 of the $600 agreed upon; that the pur- ported deed turned out to be a forgery.

If the defendants had merely agreed to try to induce the owner of the land to deed it to the plaintiff for not to exceed $600, and if successful to accept for their services the difference between that amount and the price demanded by the owner, they would have been the agents of the plaintiff for the purpose of negotiating a bargain between him and the owner, and doubtless would have been liable only in case they knew or ought to have known that the deed was forged, which is not

Robertson v. Talley.

charged.  But the allegation is that they undertook on their own account to furnish a deed from the owner for the sum of $600, to be paid to them.  The situation alleged is much the same as though they had contracted to buy the land themselves on whatever terms they could, and sell it to the plaintiff for $600.  As the deed was to be made direct to the plaintiff there was in a sense a contractual relation between him and the owner, but the actual contract involved was really a transaction between him and the defendants.  The price to be paid by the plaintiff was a matter of agreement between him and the defendants, with which the owner had no concern; the price to be received by the owner was a matter of agreement between him and the defendants, with which the plaintiff had no concern.  It was not in contemplation that a bargain should be made with the owner by the plaintiff, ether directly or through the defendants acting as his agents; he dealt solely with the defendants and looked to them to deliver him a deed conveying title, in return for his payment to them of the stipulated amount.  Under these circumstances we think that the plaintiff, having paid the defendants $525 on account of their having delivered to him a paper which they represented to be a valid deed, but which turned out to be a nullity, was entitled to recover that amount, regardless of whether they had paid it, or a part of it, to the person from whom they procured the forged instrument.

There is a conflict of authority as to whether an oral agreement to procure a third person to convey land is within the statute of frauds.  (29 A. & E. Encycl. of L. 893; 5 L. R. A., n. s., 112, 123, notes.) The conflict may be due in a measure to the aspect in which the matter is presented in the different cases. Here the contract is in effect one for the sale of land, and therefore unenforceable because not in writing. But where such an agreement has been acted upon its terms may be shown for the purpose of determining

the rights of the parties (*Longhofer v. Herbel*, 83 Kan. 278), and money paid upon the faith of it may ordinarily be recovered (*Brashear v. Rabenstein*, 71 Kan. 455). In this instance the contract was not in contravention of public policy, as was the case with that considered in *Thimes v. Stumpff*, 33 Kan. 53. One need not be the owner of a tract of land in order to make a valid agreement that he will convey it. This has been determined where he has acquired a right by which he may compel a conveyance by the owner to himself. (*Krhut v. Phares*, 80 Kan. 515.) No reason is apparent why he may not bind himself personally by a contract that he will procure a deed to land, although he is not certain that he will be able to do so, thereby incurring liability for damages if he shall fail, and for loss by the bargain if he shall be compelled to pay more for the property than he is to receive.

If the defendants had agreed that in consideration of $600 to be paid to them they would cause a deed to be made by the owner of the land to the plaintiff, and the plaintiff had at once advanced them $525 of the amount, there can be no doubt that if they failed to perform the agreement the money could be recovered from them. If in that situation they had procured and delivered a forged deed their liability for the return of the money would be the same. The fact that the money was paid after the delivery of the void instrument can not affect the matter. The defendants having agreed to furnish the plaintiff a real deed, and having received the $525 upon their representation that they had done so, were bound to restore the money upon its turning out that the supposed deed was a nullity. That they may have paid the same amount, or even the identical money received, to the person who imposed the forgery upon them, would not constitute a defense to the plaintiff's claim.

In addition to the return of the money paid to the defendants, the plaintiff asks to be reimbursed for his

expenses incurred in defending an action brought against him by the owner of the land to remove the cloud cast by the recording of the forged deed. We think no damages can be recovered on this account. To allow them would be in effect to sustain an action upon the contract itself. There was no breach of warranty, for there was no sale. The defendants, under the allegations of the petition, did not actually sell any land to the plaintiff, and a deed is of course not an instrument in itself capable of sale. The liability of the defendants arises from their having received money from the plaintiff for which they have made no return.

The judgment is reversed and the cause is remanded with directions to overrule the demurrer.