OBEDIAH BANISTER, *Appellant*, v. W. O. FALLIS *et al.*, *Appellees.*

No. 17,010.

SYLLABUS BY THE COURT.

1. UNACKNOWLEDGED INSTRUMENT—*Record of No Cloud Upon Title—Incompetent Evidence of Title.* The record of an unacknowledged contract on the part of a stranger to the record title to procure a reconveyance of a tract of land to one who has parted with his title does not constitute notice of the contract to a subsequent grantee of the land, does not constitute a cloud on the title of such grantee, and is not admissible in evidence against such grantee on the question of the validity of his title. ·

2. STATUTE OF FRAUDS—*Oral Agreement Materially Changing Written Contract.* An oral agreement between a vendor and a vendee of land which arrests consummation· of the written contract between them until the vendor procures a deed to cure a supposed defect in his title, which deed the vendor promised to obtain, is unenforceable under the statute of frauds. ·

Appeal from Cheyenne district court. Opinion filed July 7, 1911. Affirmed.

*T. M. Noble,* and *J. L. Finley,* for the appellant.

*E. E. Kite,* and *Fred Robertson,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, Banister, and the defendant, Fallis, agreed in writing to exchange land,· each party to furnish an abstract showing perfect title to his land. The parties met at a bank to close the trade, when a supposed defect in the title to the Fallis land

was discovered. James L. Peacock had once owned the tract. In February, 1898, he deeded it to The McKinley-Lanning Loan & Trust Co. The records disclosed an unacknowledged instrument dated March 2, 1898, purporting to be an agreement on the part of "McKinley & Lanning" that if Peacock would pay certain sums of money by the first day of March, 1899, they would have conveyed to him the land he had deeded to the trust company. The trust company made a conveyance of the land to W. H. Carnahan, receiver, in May, 1903, which, after several transfers, passed to Lardner Howell, whose title Fallis was vesting in the plaintiff. The agreement referred to furnished the basis for the only objection which the plaintiff made to the title offered him. Upon the discovery of the supposed defect in the Fallis title the contract between the parties and the deeds which were to be exchanged were left at the bank. Afterward the plaintiff removed the improvements from the land he was trading, as the contract permitted him to do, surrendered possession, and still later leased the land from Fallis. He also took possession of the land he was to receive and mortgaged and insured the crops thereon as his own. With affairs in this situation the deeds were taken out of the bank by some one other than the plaintiff and were recorded, as he claims, without his knowledge or approval. The plaintiff then brought suit for the cancellation of the deed which he had executed, to quiet his title to the land which such deed purported to convey, and for damages for the expense he had incurred in the removal of his improvements. A demurrer was sustained to his evidence, judgment was rendered against him, and he appeals.

The petition rested the plaintiff's cause of action on a breach of the contract to exchange land. It was alleged that Fallis represented that he was the owner of the land he offered, and had a good title thereto; that the plaintiff contracted on the faith of such repre-

sentations; that Fallis was not the owner of such land, was unable to make title thereto, and that he had not done so. . The court declined to receive in evidence the record of the supposed agreement from McKinley & Lanning to Peacock. Since the instrument was not acknowledged it was not entitled to record, and since it had no place on the record the record was not competent as evidence. (*Meskimen v. Day,* 35 Kan. 46.) The record furnished no notice to any one. (*Wickersham v. Chicago Zinc Co.,* 18 Kan. 481, 487; *Sanford v. Weeks,* 38 Kan. 319, 324; *Fisher v. Cowles,* 41 Kan. 418, 423.) The instrument itself, if there were one, had no validity except between the parties and those having actual notice, not of what was on record, but of the instrument itself. (Gen. Stat. 1868, ch. 22, § 21, Gen. Stat. 1909, § 1672; *Smith v. Worster,* 59 Kan. 640.) So far as the record disclosed McKinley & Lanning had no interest whatever in the land and no power or authority to bind the trust company or its grantees. They were strangers to the title, and being such, their agreement was not admissible in evidence on the question of title. (*McBride v. Steinweden,* 72 Kan. 508-514.) For all the reasons forbidding the admission of the record in evidence the purported agreement did not constitute a defect in, or cloud upon, the Fallis title, and the plaintiff's cause of action was not sustained by any evidence.

The petition alleged that the contract provided that the bank was to hold the contract and the deeds of the respective parties until their titles were perfected. The proof showed that the matter of leaving the papers at the bank arose after the contract was executed and when the parties met to exchange deeds. The plaintiff, however, made an offer to show a parol agreement that all papers should be left in the bank until the supposed defect in the title was cured, that Fallis agreed to obtain a quitclaim deed from Peacock, and that until he did so all papers were to be retained by the bank without delivery. This offer was rejected. It is argued

that this parol agreement affected the matter of delivery only and consequently is not governed by the statute of frauds. Under the plaintiff's theory of the case the parol agreement did not relate to any of the collateral matters attending a conveyance of land which parties are permitted to arrange orally, but it arrested consummation of the contract and introduced a new condition which not only became essential to any conveyance at all, but which was regarded, and is still regarded, by the plaintiff, as indispensable to the vesting of title in him. Under these circumstances the oral agreement constituted a modification of a written contract for the sale of land and was itself an agreement for the sale and conveyance of an interest in land, and hence was unenforceable because not in writing. (See *Robertson v. Talley*, 84 Kan. 817.) Besides this, the proffered evidence was not within the issues presented by the petition.

Some evidence of the oral arrangement referred to was given before the subject of its admissibility was definitely passed on by the rejection of the formal offer of proof. The presumption is that such evidence was disregarded by the court in ruling upon the demurrer to the evidence. (*Lee v. Railway Co.*, 67 Kan. 402, 409.)

The judgment of the district court is affirmed.