No. 20,246.

GUS AUTEM and MARY AUTEM, *Appellants,* v. THE MAYER COAL COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. OPTION CONTRACT—*Coal in Mineral Reserve—Breach—Petition for Specific Performance—Demurrer.* The amended petition set forth an option contract for the mineral reserve under certain land underlaid with a coal vein of thirty-four inches or more in thickness and the tender of a deed conveying only the one vein mineral reserve thereunder and the defendant's refusal to accept. *Held,* that a demurrer to such pleading was rightly sustained.

2. SAME—*Oral Alteration Void.* The material alteration by oral agreement of a contract for the conveyance of land is void under the statute of frauds.

3. SAME—*No Ambiguity in Contract.* Rule followed that evidence of the construction placed upon a written contract by the parties thereto is admissible only when such contract is ambiguous.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed June 10, 1916. Affirmed.

*C. A. McNeill, A. H. Skidmore,* and *S. L. Walker,* all of Columbus, for the appellants.

*Al. F. Williams,* of Columbus, *E. L. Burton,* and *George F. Burton,* both of Parsons, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiffs appeal from an error sustaining a demurrer to their amended petition. The averments of this pleading in effect are that the plaintiffs contracted with the defendant for an option on a certain ninety acre tract of land at $50 an acre "for the mineral reserve under said land for all

such land as contains coal in one vein that measures thirty-four (34") inches or more in thickness, to be determined by the drilling of said land. . . . Second party agrees within ten days, after finishing said drilling, to elect to take or reject the land and to state the number of acres that contains said amount of coal it wishes to purchase." It was alleged that the defendant elected to take "seventy acres of the one vein of coal or mineral reserve mentioned in said written contract, underlying the premises above described, and notified the plaintiffs of such election, and then and there pointed the said seventy acres out to the plaintiffs." Further, that such election was in accordance with the intentions of the parties at and before the execution of the above agreement and as it was construed and understood by the parties at the time of its execution and at the time of the election, and that a deed in accordance therewith was tendered and refused. The deed, however, purports to convey only "the one mineral reserve" under the seventy acres of land. The trial court decided that the deed did not comply with the terms of the contract.

It will be observed that the option contract without ambiguity calls for the mineral reserve for all the land that contains a coal vein measuring thirty-four inches or more in thickness, while the deed not only restricts the grant to "one mineral reserve" but does not even describe it as of the required thickness. The plaintiffs seek to recover the purchase price named in the option contract for the mineral reserve, although tendering only the deed referred to.

If we view the case as one in which the parties contracted in writing for one thing and afterwards agreed orally upon another thing, we encounter the statute of frauds. (*Robertson v. Talley,* 84 Kan. 817, 115 Pac. 640; *Banister v. Fallis,* 85 Kan. 320, 116 Pac. 822.)

Again, if resort is to be had to the construction placed upon the written contract by the parties, that necessarily implies an ambiguity in such contract. We have searched in vain to find any ambiguity. Only in case of ambiguity is such evidence or construction permissible. (*Rettiger v. Dannelly,* 91 Kan. 61, 136 Pac. 942; 17 Cyc. 669, 670; 6 R. C. L. 837, 841; 10 M. A. L. 371.) This is an action not to reform, but to enforce.

The ruling of the trial court is affirmed.