No. 23,521.

ALONZO E. BROWN and EDITH M. BROWN, *Appellants*, v. GEORGE
ULMER, Jr., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. DEED—*Name of Grantee Left Blank—Name Inserted Before Delivery— Deed Accepted and Recorded—Valid Conveyance.* A deed executed with the name of the grantee left blank is defective and incomplete, but if the name of a grantee is inserted in the deed by the authority of the grantor before delivery, and the grantee subsequently accepts and records the instrument, it will amount to a ratification of the insertion of the name of the grantee and make the deed a valid conveyance.

2. SAME—*Deed Reserving Certain Oil and Gas Rights—Accepted, Recorded, and Possession Taken by Grantee—Land Mortgaged by Grantee—Grantee Estopped to Question Reservations.* Where a grantee accepts and records a deed containing a specific reservation of the oil and gas rights in the land, takes and holds possession of the land for a period of years under the deed, and thereafter executes mortgages upon it, he is estopped to assert that the reservation was improperly inserted in the instrument or that it is not a binding exception.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed February 11, 1922. Affirmed.

*J. A. McHenry,* and *C. B. Crawley,* both of Howard, for the appellants.
*A. F. Sims,* of Howard, and *W. F. Harvey,* of Merryfield, Mo., for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Alonzo E. Brown and his wife, Edith M. Brown, against the defendants to cancel an oil and gas reservation in a deed under which the land was transferred, and to quiet their title to the oil and gas rights.

A tract of 160 acres of land in Elk county was owned by W. E. Evans. In October, 1915, he conveyed it to Jessie L. Goodwine. She in turn conveyed the land in September, 1916, to Fannie E. Hott, subject to an incumbrance amounting to $5,000, which was treated as part of the purchase price, and in the instrument all oil, gas and mineral rights in the land were expressly reserved to the grantor. The following day Mrs. Hott, who was the mother of Alonzo E. Brown, transferred the land to him. With a knowledge of the reservation in the deed he accepted it, placed it of record, took possession of the land and has since executed several mortgages upon it. The consideration for the transfer by Mrs. Goodwine and her husband was mainly real and personal property in Missouri, and the negotiations in the exchange were conducted by one Joseph

A. Harrah, who appears to have represented all the parties to the exchange and transfer. Brown was the real purchaser of the Kansas land and furnished and transferred the property given in exchange for it. When the Goodwines executed the deed the name of the grantee was left blank and the name of Mrs. Hott, the mother of Brown, was inserted in it prior to delivery. She appears to have been named as grantee for the protection of Brown as against some financial complication which is not fully explained. Harrah, it appears, was unfaithful in his dealings with Mrs. Goodwine, in that he did not give her full information as to the land transferred to her in the exchange, and further, did not deliver to her the full consideration of the transfer.

The Goodwines are not questioning the validity of their deed but are rather insisting that the reservation involved in this proceeding is a valid and binding one. After an opening statement by plaintiffs and the production of their evidence, the court sustained a demurrer to the evidence holding that they had not shown that they were entitled to the relief asked, and judgment for Ulmer was accordingly entered.

Plaintiffs contend that the deed containing the reservation was never delivered to Mrs. Hott, because it was executed in blank. When the deed was executed the grantee was not named in the instrument. Authority was given, however, to write in the name of the grantee, and it was so written and made complete before the delivery of the deed to Mrs. Hott. While the instrument was defective without a description of the grantee, the subsequent acceptance and recording of the deed after the grantee was named therein amounted to a ratification of the insertion that was made, cured the defect and made the deed a valid conveyance. (*Tucker v. Allen,* 16 Kan. 312, 319; *Wilkins v. Tourtellott,* 28 Kan. 825, 839; *Frayer v. Holtom,* 8 Kan. App. 718.)

The contention that the reservation in the deed ought not to be binding upon plaintiffs, because of the fraud of Harrah in dealing with the grantor, Mrs. Goodwine, cannot be upheld. The fraudulent action of the agent in withholding from Mrs. Goodwine a part of the consideration for the sale of her land is of no avail to the plaintiffs. In the negotiations she distinctly stated that she intended to reserve the oil and gas interest in the land. The reservation was expressly made in the instrument which she executed. Mrs. Goodwine is not questioning the validity of the reservation,

but, on the contrary, has proceeded upon the theory that it is a legal exception and since the execution of the deed has sold the reserved right to the defendant Ulmer. Plaintiffs cannot borrow the fraud that may have been practiced upon Mrs. Goodwine by another to set aside a conveyance made by her to them. That fraud did not affect the plaintiffs, and even if it had touched them their subsequent conduct in accepting the deed, placing it on record, taking and holding possession of the land under the conveyance, would have precluded them from challenging the validity of the reservation in the conveyance under which they held possession. It is said that neither Mrs. Hott nor plaintiff Brown knew that the reservation was in the instrument when it was delivered. It appears that Mrs. Hott paid little if any attention to the terms of the instrument, as she was a mere intermediary through whom the title was passed to Brown, the real purchaser. He knew of the reservation before he parted with the possession of the property which he gave in exchange for the land in question. After learning of it he did not ask the grantor to change the deed, but with knowledge of it surrendered his own property and made payment to the grantor. With knowledge of the exception in the deed he took possession of the land, has held it for about four years, and has executed a number of mortgages which have passed into the hands of third parties. The defendant, Ulmer, finding that the deed under which Brown held possession of the land contained the specific reservation, had a right to rely on the validity of the reservation and to purchase the reserved rights from the owner.

It is immaterial that Brown may have had no actual notice of the reservation when the deed was executed. He took a conveyance containing the specific recital and is chargeable with notice of the recital, and with knowledge of all facts suggested by the recital. (*Knowles v. Williams*, 58 Kan. 221, 48 Pac. 856; *Moore v. Griffin*, 72 Kan. 164, 83 Pac. 395.) When Mrs. Goodwine reserved the oil and gas rights in the land she carved out a separate estate in the tract, the title and ownership of which remained in her and which was subject to the law of descent, devise and conveyance. (*Moore v. Griffin*, supra.) That interest has been transferred to Ulmer by a conveyance about the validity of which there can be no question. The plaintiffs, having accepted and recorded the deed and having taken and held possession under the deed containing the exception

for a period of years, are estopped to assert that the reservation was. improperly inserted in the deed or that it is not a binding provision of the instrument. Nothing in the correspondence between Mrs. Goodwine and plaintiffs or in the other evidence introduced affects the determination that has been made of the questions of law involved.

The judgment is affirmed.