ELLA K. VICTOR *v.* MALIA PILI, CHARLES PILI, MIKAELE (K), WILLIE KUHELELOA, KUNEWA (W) AND MILE KAIUE (W).

No. 1410.

ERROR TO CIRCUIT COURT FIFTH CIRCUIT.
HON. W. C. ACHI, JR., JUDGE.

ARGUED OCTOBER 17, 1922.          DECIDED NOVEMBER 6, 1922.

PETERS, C. J., PERRY AND LINDSAY, JJ.

DEEDS—*requisites and validity—delivery.*

> In an action to quiet title in which there is no evidence that a conveyance to the plaintiff when a minor was a voluntary settlement, it is reversible error to instruct the jury that "the law presumes much more in favor of the delivery of deeds in the case of voluntary settlements, especially when made to infants, than it does in cases between parties of full age or in ordinary cases of bargain and sale."

SAME.

> Delivery is essential to the validity and operation of a deed even when the deed is to a minor.

OPINION OF THE COURT BY PERRY, J.

This is an action to quiet the title to certain lands situate at Hanapepe on the Island of Kauai and containing an area of something less than 4 acres. The plaintiff claimed under a deed alleged to have been made to her by one Keliikanakaole (w) dated June 21, 1895, at a time when she, the plaintiff, was nine years old. The defendants claimed under a deed from the same Keliikanakaole to one Kuheleloa Kapule, dated March 13, 1900, Kapule being the ancestor of the defendants. The deed to Kapule was shown to have been recorded on April 6, 1900, while the deed to the plaintiff was not recorded until January 7, 1915. There was some evidence tending to show that

at the time of the acceptance by Kapule of his deed from Keliikanakaole he (Kapule) had knowledge of the prior deed from the same grantor to the plaintiff and it therefore became an important issue in the trial whether there was legal delivery of the deed from Keliikanakaole to the plaintiff.

The plaintiff's testimony was, in brief, that there was actual, physical delivery of the deed by the grantor to herself, that the plaintiff who at that time as above stated was nine years of age, had money of her own and paid $50.00 in silver to the grantor, who was her grandaunt, for the conveyance of the land. There was absolutely no evidence in the case tending to show what the value of the lands conveyed by the deed was or that they were of a value greater than $50.00. There was, in other words, no evidence in the case tending to show that the transaction was other than what upon the face of the deed it purported to be, to-wit, a deed of ordinary bargain and sale, an ordinary business transaction. In spite of this, however, the court instructed the jury that "the law presumes much more in favor of the delivery of deeds in the case of voluntary settlements, especially when made to infants, than it does in cases between parties of full age, or in ordinary cases of bargain and sale." While the law thus announced may have been correct in the abstract, it was not applicable to the evidence adduced in the case. The state of the evidence was such that the jury would not have been justified in finding that the transaction was a voluntary settlement or in indulging in the presumptions which, the instruction stated, flow from such settlements; nor was there any other instruction which can be held to have corrected this error. The instruction was well calculated to lead the jury to look leniently upon the evidence of the delivery of the deed, to regard the transaction as a voluntary settlement and to presume favorably to the plaintiff that there had been a sufficient delivery.

There was also error in the refusal to give the defendants' requested instruction No. 12 reading as follows: "A delivery is essential to the validity of a deed. It is the final act which consummates the deed, is as necessary as the signature of the grantor (the person signing), and without which all other formalities are ineffectual and the deed is void, being a mere proposition to convey." (The word "proposition" was doubtless here used as meaning "proposal.") This instruction correctly stated the law. Irrespective of whether the grantee named in the deed is a minor, legal delivery in some form is essential to make the deed operative as such. The defendants were entitled to have the jury distinctly instructed that delivery in some legal form was essential to the validity and operation of the deed in question.

The other assignments of error need not be considered. The judgment is reversed and a new trial is granted and the cause is remanded to the circuit court of the fifth circuit for such further proceedings as may be proper not inconsistent with this opinion.

*E. Murphy* for plaintiffs in error.

*W. C. Achi* for defendant in error.