## HILL v HANLON

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 22, 1933

Moore, Moore & Moore, Woodsfield, for plaintiff in error.

E. F. Folger, Marietta for defendant in error.

## OPINION

By FARR, J.

This cause comes into this court on appeal from the judgment of the Common Pleas Court of this county, and but a single issue is presented for the consideration of the court, and that is the construction of certain exceptions and reservations in a warranty deed.

The pleadings are the amended petition of the plaintiff, and the answer and cross petition of the defendant and the reply of the plaintiff, which make up the issues. The action is predicated upon a warranty deed made by Richard L. Hanlon and wife, to Alonzo Hill, the defendant, dated March 31, 1911, and recorded in Vol. 76 at pages 587-8 of the Deed Records of Monroe County. This deed covers 24 acres of land situate in Washington Township, this county.

The reservations and exceptions read as follows, after the usual covenants of warranty:

"The said Richard L. Hanlon excepts from this conveyance for himself his heirs or assigns, all the royalty oil and gasoline or gas that may hereafter be produced from oil wells No. 1 and 2 as now being operated on said premises. And further the said Richard L. Hanlon reserves and excepts for himself, his heirs and assigns, one half of the royalty oil, and one half of all gas rentals and also one half of the royalty of gasoline in and from any well or wells that may hereafter be drilled on said prem-

ises, said exception to expire in 15 years from the date of this conveyance." The period of 15 years above referred to expired on the 31st day of March, 1926, and plaintiff contends that after that date, he is entitled to the proceeds from the two wells mentioned in the first paragraph just above quoted, and the defendant contends, that the exception of the wells No. 1 and 2 in said first paragraph, was a separate exception, and that no title ever passed from said grantor to said grantee in said two wells, and therefore did not expire in fifteen years and that that statement in the second paragraph thereof, as to the 15 year period, had nothing whatever to do with the two wells mentioned in the first paragraph, but refers only to the reservation of the one half of the royalty oil, one half of all gas rentals and one half of the royalty of gasoline as set up in the second paragraph to which reference is made above.

Therefore, it is clear that the only question to be determined by the court is whether or not the production from wells No. 1 and 2 expired with the 15 year limitation.

Not much more need be said than to refer to the exceptions themselves.

In the first paragraph it is stated, that all the royalty oil and gasoline or gas that may **hereafter** be produced from oil wells No. 1 and 2 is excepted in favor of the Hanlons.

No time limit is fixed "hereafter" meaning all future time, and had it been intended to fix a limit and to make the same applicable to paragraph one the same as to paragraph two, no doubt it would have been so stated, but the 15 year period is omitted from said first paragraph.

Attention is called to the distinction between exceptions and reservations, and the cases and authorities recognizing the same are as follows:

2nd Thornton on Oil & Gas page 794.
Moore v Griffin, 72 Kan. 164.
83 Pac. 395.
13 Cyc. 672.
Marshall v Trumbull, 28 Conn. 183.
73 Am. Decis. 667.
Craig v Wells, 11 N. Y. 315.
Miller v Lapham, 44 Vt. 416.
34 Cyc. page 1638.
8 R.C.L. 1088.
Adkins v Huff, 58 W. Va. 645.
8 R.C.L. 1090 and 1091.

Further citations on this subject it is believed would be without profit and it fol-

lows therefore, that the finding must be in favor of the defendant. Entry accordingly.

ROBERTS and POLLOCK, JJ, concur in the judgment.