No. 34,219

JOHN WEBER, *Appellee,* v. HOME ROYALTY ASSOCIATION, *Appellant.*

(88 P. 2d 1053)

Opinion filed April 8, 1939.

*Ezra Branine, Alden Branine, Fred Ice,* all of Newton, *C. E. Vance,* of Garden City, and *Eugene O. Monnett,* of Tulsa, Okla., for the appellant.

. *C. E. Beymer,* of Lakin, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to cancel a mineral deed and to quiet title. The plaintiff prevailed, and the defendant, Home Royalty Association, Inc., appeals.

The question is, Was the action barred? The case was submitted to the trial court upon the pleadings and a stipulation of facts. The latter was as follows:

"1. That on May 23, 1929, John Weber was the owner in fee simple and in quiet and peaceful possession of the following-described lands situated in Kearny county, Kansas, to wit: (Here follows description), and has since said date continuously up to the present time likewise owned and possessed said land.

"2. That the said defendant Home Royalty Association of Oklahoma is now and has been continuously since February 23, 1926, a trust estate organized under the laws of the state of Oklahoma and by virtue of the terms of a certain written declaration of trust executed on February 23, 1926, by W. H. Helmerich, William Broadhurst and Albert Wilson, trustees, which said declaration of trust was recorded in the office of the register of deeds of Kearny county, Kansas, prior to said May 23, 1929; that said declaration of trust provided that the interests of the beneficiaries thereof should be represented by the issuance unto them by its trustees of certain certificates of participation or shares in various amounts in dollars, the proportionate interest of the holder in and to the profits and benefits of said trust estate to be determined by the proportion their interest bore to the total interests outstanding.

"3. That said defendant Home Royalty Association, Inc., is a corporation organized under the laws of the state of Delaware on November 25, 1929, and has been in good standing in the state of Delaware continuously since said time up to the present time; that said defendant corporation secured a license to do business in the state of Kansas on July 10, 1930, at which said time it duly appointed the secretary of state of the state of Kansas as its service agent upon whom service of process might be had; that said defendant corporation was continuously licensed to do business in Kansas from said date until December 31, 1932, at which time its said license was revoked for failure to file its annual reports and pay its annual license fees; that thereafter on June 20, 1935, said defendant corporation again secured a license to do business in the state of Kansas, at which said time it again appointed the secretary of state of the state of Kansas as the service agent upon whom service of process in actions against it might be had, and said corporation has since said time continuously up to the present time been licensed to do business in the state of Kansas; that from July 10, 1930, continuously up to the present time, said defendant corporation has had a duly authorized and appointed

service agent, namely the secretary of the state of Kansas, in the state of Kansas, upon whom service of summons on it might at all times be had.

"4. That said defendant trust estate, on May 23, 1929, did not have a permit from the properly constituted authorities of the state of Kansas to sell, exchange or issue its securities in the state of Kansas. In fact, it has never had such a permit nor has it ever made application therefor to the proper authorities.

"5. That on May 23, 1929, at plaintiff's farm in Kearny county, Kansas, the plaintiff was called upon by an agent representing said defendant, Home Royalty Association of Oklahoma, a trust estate, and on said date at the solicitation of said agent said plaintiff signed a contract in duplicate and executed a mineral conveyance to said trust estate, true copies of which contract and mineral conveyance are hereto attached, marked exhibits A and B, and made a part hereof; that thereupon the two copies of said contract, duly executed by the plaintiff, but not executed by said defendant trust estate, and the mineral conveyance above referred to, also duly executed by said plaintiff, were delivered to said agent of said trust estate and by him mailed at United States post office in Lakin, Kan., to said trust estate at Tulsa, Okla., that within seven days after receiving the contracts and deed above mentioned said trust estate thereupon, at Tulsa, Okla., signed the contracts and returned one copy thereof by mail to said plaintiff at Lakin, Kan., together with its stock certificate or certificate of participation mentioned in said contract, in the amount of twenty-seven hundred ($2,700) dollars; which stock certificate, together with the executed copy of said contract, was promptly received by said plaintiff at Lakin, Kan., and are now held by him.

"6. That plaintiff now offers and tenders into court, and to the said defendants, the said certificate No. 1,283 for $2,700 interest in the said Home Royalty Association of Oklahoma, together with the contract relating thereto, together with any income from such securities and/or contract, and the full amount paid by such purchaser, together with all taxable court costs, and a reasonable attorney fee.

"7. That for the execution of said contract and the delivery of said mineral conveyance said plaintiff received no other consideration than the stock certificate above referred to.

"8. That on November 29, 1929, for valuable consideration, said defendant, trust estate, conveyed unto said defendant, Home Royalty Association, Inc., the oil and gas and other mineral rights in and to the lands above described received by said trust estate from said plaintiff and concerning which this action is being tried; that said defendant corporation does not allege or claim to be a bona fide purchaser of said mineral rights, and claims only such rights in and to said lands as said trust estate originally secured thereunto under and by virtue of the mineral deed above referred to; said defendant corporation never conveyed or alienated its said rights in and to said lands and still owns and possesses the same subject, of course, to the rights and claims of the plaintiff in this action.

"Wherefore, parties hereto hereby respectfully submit the above indicated stipulation of facts as the true facts pertaining to the issues in this said action and request the court to consider the same as such facts in trying and determining the same."

Plaintiff's amended petition was grounded upon the theory he was entitled to cancellation of the deed for the reason the transaction occurred prior to July 1, 1929, the effective date of the 1929 speculative securities act, and was therefore null and void. The facts pleaded and relied upon as showing the transaction void were, first, the seller of the speculative securities had not obtained a license or permit to sell such securities, as required by the laws of this state, and second, fraud on the part of the seller of the securities. It was pleaded the seller had represented it did in fact have authority to sell the securities and such representations and pretenses were false, were believed and relied upon by the plaintiff and induced him to enter into the transaction.

Defendant's answer in substance alleged: Its incorporation under the laws of the state of Delaware; its license to do business in Kansas; its appointment of the secretary of the state of Kansas as its service agent; the cancellation of its license to do business in the state; it later obtained a license to transact business in the state (for respective dates, see stipulation); the admission it had no license or permit to sell speculative securities in this state.

The answer further pleaded in detail the following pertinent facts: The execution and delivery of the original contract, certificate of stock and deed, the dates thereof, the recording of the mineral deed, the transfer of that deed to the defendant, Home Royalty Association, and the recording of the transfer; the action was barred by the *statutes* of limitation of the state of Kansas; chapter 177 of the Laws of 1937 violates the fourteenth amendment to the constitution of the United States insofar as the instant cause of action is concerned.

The action was commenced on December 16, 1937. The original transaction was consummated on June 5, 1929, and the mineral deed was recorded on June 24, 1929.

The trial court held the entire transaction was void and canceled the mineral deed and quieted the title to the land. The judgment was based upon the theory that prior to the 1929 speculative securities act, the sale of speculative securities without a permit or license was void, and not merely voidable, and since this transaction was consummated prior to July 1, 1929, the mineral deed was void. It was further the opinion of the trial court the 1929 act contained saving clauses which reserved unto the parties all civil rights which existed prior to the 1929 act. These exact contentions were asserted

and considered in the recent case of *Terrill v. Hoyt,* 149 Kan. 51, 87 P. 2d 238 (January, 1939), and it was held the special two-year statute of limitation contained in the 1929 speculative securities act, and the special three-year statute of limitation contained in the 1935 speculative securities act, were intended by the legislature to apply to speculative security transactions which were consummated prior to the effective date of those acts. It is only fair to state that when the trial court rendered judgment in the instant case, the opinion in the case of *Terrill v. Hoyt,* supra, had not been announced. That decision disposes of every material point raised in the instant case, and what was there said need not be repeated here.

We might, however, say that since the trial court held the transaction in the instant case to be void when made, it did not deem it necessary to determine the effect of chapter 177 of the Laws of 1937, and did not base its decision on the latter statute. This case may also be distinguished from the case of *Terrill v. Hoyt,* supra, in that in the instant case the plaintiff expressly pleaded fraud as a ground for cancellation. The trial court, however, did not pass upon the question of whether the statute of limitations (G. S. 1935, 60-306, *third*) pertaining to actions predicated on fraud barred the instant action. The reason for its failure to do so appears to have been due to the fact that statute was not called to the attention of the court by the defendant. It appears only the special three-year limitation contained in the 1935 act was presented to the trial court and it was held it did not apply. In that ruling the court erred and upon that ground the judgment must be reversed.

While it is not essential to a decision in the instant case, it may be helpful to pursue a bit further the theory and contention the transaction was void by reason of the fact it was consummated prior to the 1929 act. We think the legislature clearly intended, as stated in *Terrill v. Hoyt,* supra, to make the special statutes of limitation contained in the 1929 and 1935 acts applicable to the instant transaction. In the absence of such legislative intent, however, plaintiff still would be confronted, upon his own theory of the case, with the general statutes of limitation as they existed prior to the 1929 act. He expressly contends the 1929 and 1935 acts each saved for the parties all civil rights as they existed prior to the enactment of those acts. He therefore, by necessity, would be bound also by all prior applicable statutes of limitation. We have repeatedly said the sale of speculative securities without a permit or license was not *malum*

*in se,* but only *malum prohibitum,* and hence capable of being ratified. We have further said the pronouncement in the 1929 act that such sales were voidable only, at the election of the purchaser, was in accord with settled existing law and was, in fact, merely declaratory of the existing law. (*Terrill v. Hoyt,* supra, and cases cited, p. 54.) The case of *Wigington v. Mid-Continent Royalty Co.,* 130 Kan. 785, 288 Pac. 749, relied upon by plaintiff, cannot be regarded as having been the established law prior to the passage of the 1929 act, as it was not decided until June, 1930. Moreover, fraud was in reality the gist of that action.

In the instant case the petition and answer together narrated the circumstances and the dates of the execution and delivery of the mineral deed, the stock certificate, the recording of the mineral deed, and disclosed upon their face over eight years had passed since the execution, delivery and recording of the deed. The answer, also, affirmatively pleaded the action was barred by the statutes of limitation of the state of Kansas. No motion was leveled against the answer to require defendant to specify the particular statutes of limitation upon which it relied. Under such circumstances the defendant could not be precluded from asserting as a defense to the action such statutes of limitation as the pleadings upon their face showed to be applicable. (*Fyffe v. Fyffe,* 350 Ill. 620; *Louis Werner Sawmill Co. v. Dyer,* 132 Ark. 78; *Murphy v. Hahn,* 208 Ia. 698; *Lilly, &c., v. Farmers Nat. Bank of Richmond,* 22 Ky. Law Rep. 148.) Since plaintiff himself is invoking the civil rights of the parties as they existed prior to the 1929 act, his action, irrespective of that act or the 1935 act, would be barred by the two-year fraud statute, G. S. 1935, 60-306, *third,* and by the sixth subdivision, if not also by other subdivisions thereof. The sixth clause reads:

"An action for relief not hereinbefore provided for can only be brought within five years after the cause of action shall have accrued."

Since, however, these statutes of limitation were not directed to the attention of the trial court, we shall rest our decision upon the ground the action was barred by the special three-year limitation contained in the 1935 speculative securities act, which limitation was expressly relied upon. The judgment is reversed with directions to enter judgment for the defendant.