No. 34,120

Horatio H. Tawney et al., *Appellants* (John Pearson et al., *Plaintiffs*), v. G. T. Blankenship et al., *Appellees.*

No. 34,121

W. F. Loflin et al., *Appellants,* v. G. T. Blankenship et al., *Appellees.*

(90 P. 2d 1111)

Opinion filed June 10, 1939.

*John R. Parsons,* of Wakeeney, for the appellants.

*W. H. Wagner, William H. Wagner, Jr.,* both of Wakeeney, *Kenneth W. Wagner,* of Topeka, *J. B. Dudley, H. K. Hyde, Duke Duvall* and *Paul Dudley,* all of Oklahoma City, Okla., for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by three plaintiffs from judgments rendered in favor of defendants in three separate actions to cancel certain mineral deeds and to quiet title to plaintiffs' respective tracts of land.

The cases were tried as a single action. The evidence was substantially the same in each case. The plaintiff landowners were Horatio H. Tawney, John Pearson and W. F. Loflin. The defendants were G. T. Blankenship, the Equal Royalty Company and the Royalty Holding Company, both nonresident corporations. Service on defendants was had by publication in all cases, except that in the Loflin case service was also had on the secretary of state. The actions were filed April 18, 1935. The petitions were identical except for the name of the plaintiff and the description of the land, and in substance alleged: The defendant Blankenship was the agent of the corporate defendants; on February 15, 1929, Blankenship represented to plaintiffs he was authorized by the state bank commissioner and state charter board to sell, transfer and convey the stock of the defendant corporations and to buy and take royalty and mineral deeds for himself and the defendant corporations; the corporations were solvent, strong and going concerns and able to carry out any contract made by him; they were able to commence drilling at once and they paid a substantial dividend on their stocks every six months; every stockholder was on an exact equality; all of the representations were false and known to be false by Blankenship and the corporations; plaintiffs believed and were induced by the false representations to enter into a written contract with Blankenship under which they agreed to convey to him and the Equal Royalty Company, mineral deeds in consideration for which deeds they were each to receive 1,200 shares of stock in that corporation; the contract was in the possession of defendants, and plaintiffs were unable to more definitely state the terms thereof; pursuant to that contract plaintiffs executed and delivered to Blankenship a mineral and royalty deed conveying to him a one-fourth interest in all minerals and oils, and to the Equal Royalty Company, a similar deed conveying a three-fourths interest in the minerals and oils in said lands; in consideration of the deeds they received the stock of the corporation, and the deeds to defendants were recorded in the office of the register of deeds of Trego county, in which county the

land was situated; the stock was at all times worthless and plaintiffs tender the same to defendants; the deeds were in violation of the blue-sky law of the state of Kansas; the deeds were acknowledged by a justice of the peace of Trego county, who was not authorized to take the acknowledgments; the deeds constituted a cloud on plaintiffs' titles and should be canceled.

On June 3, 1935, default judgments were rendered canceling the mineral deeds and quieting title to the lands. During the same term of court and on October 16, 1935, defendants filed motions to vacate the judgments on various grounds, not material on this appeal, and asked to have the judgments opened and that they be permitted to defend the actions upon their merits. The judgments were opened up and defendants were permitted to defend. The answers attached to the motions in each case contained a general denial and pleaded the written contract entered into by plaintiffs and the defendant, Blankenship, on February 15, 1929. The pertinent portion of the contract in substance provided: Plaintiffs employed Blankenship to sell or pool oil and gas mineral rights to the Equal Royalty Company, not then in existence, or to some other company to be organized thereafter; as compensation for services rendered while organizing such a company and as their part of the expenses of organization, plaintiffs agree to convey to Blankenship an equal undivided one-fourth interest, and to such company as was organized an equal undivided three-fourths interest in the oil and gas and other minerals in and under the lands; in full payment of the deeds plaintiffs agree to accept certain shares of stock in the company after its organization; before the company can be organized the landowners in one or more of the states (naming various states) are required to make additional employment contracts covering in the aggregate not less than 4,000 acres nor more than 80,000 acres; after the execution of the contracts and after all deeds have been placed in escrow, the company is to be organized by Blankenship at his own expense; when the organization is completed the deeds and contracts placed in escrow are to be delivered by the escrow holder to the company; plaintiffs have each executed two deeds, one to the company and one to Blankenship, conveying the respective interests agreed upon; Blankenship shall obtain or cause to be obtained a permit in the state or states, if necessary, in order that the company may conduct business in the states where its holdings are located.

The answer further, in substance, alleged: In conformity with the

contract, the deeds were placed in escrow on March 5, 1929; the Equal Royalty Company was organized and the escrow holder delivered the stock to plaintiffs and the deeds to Blankenship, and to the Equal Royalty Company; the blue-sky law of Kansas has no application for the reason the contract was a pre-organization agreement and plaintiffs were coörganizers and organization members of said company; long prior to the filing of these actions Blankenship transferred part of his interest to the Equal Royalty Company, and the remainder of his interest to the Royalty Holding Company, which company is a *bona fide* purchaser for value; the corporate defendants deny Blankenship was the agent of either of said companies at the time the transactions were consummated between plaintiffs and Blankenship; the transactions constituted interstate commerce, and the blue-sky laws of Kansas are a direct burden upon interstate commerce, and unconstitutional to that extent; plaintiffs are guilty of laches and their actions are barred by the statute of limitations.

Defendants, with leave of court, filed supplemental answers in each case, which in substance alleged: The actions were barred by each and all of the subdivisions of G. S. 1935, 60-306, and particularly by the third and fourth subdivisions thereof, and by G. S. 1935, 17-1240; plaintiffs have waived and are estopped from asserting fraud or failure to comply with the blue-sky laws for the reason they received and accepted a dividend on the stock in January, 1931; plaintiffs have ratified, confirmed and approved the transaction.

The replies filed by plaintiffs contained a general denial of all new matters pleaded in the supplemental answers and, in substance, further alleged the statute of limitations did not constitute a meritorious defense, and that defendants have at all times been nonresidents of the state of Kansas. Plaintiffs filed an amended reply which also denied generally all new matters pleaded in the respective answers, except they admitted the Equal Royalty Company was not organized when the deeds were executed. The amended replies, however, denied plaintiffs knew at the time they filed the petitions that the company had been organized and then alleged the deeds were obtained without consideration and by reason of the fraud pleaded in the petitions. The amended replies also alleged in substance that plaintiffs were inexperienced in drawing contracts, they had confidence in Blankenship and relied upon his statements as to what the contracts contained.

Certain assignments of error specified by plaintiffs are neither briefed nor argued. Under such circumstances we assume such alleged errors have been abandoned. (*Bailey v. Dodge,* 28 Kan. 72; *Smith v. Kagey,* 146 Kan. 563, 570, 73 P. 2d 56.)

Plaintiffs urge the defense of the statute of limitations pleaded in the answer attached to the motions to open up the judgments does not constitute a *meritorious* defense. The contention is not well taken. (*Freeman v. Hill,* 45 Kan. 435, 25 Pac. 870; *Mercantile Co v. Rooney,* 114 Kan. 840, 220 Pac. 1048; *Lilly-Brackett Co. v. Sonneman,* 157 Cal. 192, 106 Pac. 715.) As distinct from the opening up of judgments under G. S. 1935, 60-2530, and on the general subject of the various statutes of limitation constituting a bar to actions for the cancellation of mineral deeds on the theory they are void instead of merely voidable, where executed and delivered in exchange for so-called speculative securities without a permit or license to sell or exchange such securities, see *Terrill v. Hoyt,* 149 Kan. 51, 87 P. 2d 238, and *Weber v. Home Royalty Ass'n,* 149 Kan. 678, 88 P. 2d 1053, and cases therein cited. That the action was barred was, however, not the only defense pleaded. A general denial was pleaded, and it alone constitutes a "full answer" in a quiet-title suit, within the meaning of the provisions of G. S. 1935, 60-2530. (*Wyatt v. Collins,* 105 Kan. 182, 180 Pac. 992.) Ratification, estoppel and waiver were also pleaded, and they likewise constitute meritorious defenses. (*Westhusin v. Landowners Oil Ass'n,* 143 Kan. 404, 55 P. 2d 406; *Groves v. Home Royalty Ass'n,* 145 Kan. 752, 68 P. 2d 19.)

Plaintiffs next insist the deeds are void for the reason the Equal Royalty Company, one of the grantees, was not in existence when the deeds were executed. That contention, if good, could not affect the deeds to the defendant Blankenship. The contention, however, is not good in the instant case. It is true a deed does not take effect until its delivery. In the instant case the deeds were complete when delivered and that is all that is necessary where the grantor has actual knowledge of its contents and with such knowledge authorizes its delivery. (*Tucker v. Allen,* 16 Kan. 312; *Wilkins v. Tourtellott,* 28 Kan. 825, 839; *Brown v. Ulmer,* 110 Kan. 504, 204 Pac. 1007.) A grantor may authorize the person to whom he delivers the deed to fill in the blank, and when the name of the grantee is inserted under such authority the deed becomes operative upon delivery. (18 C. J., Deeds, § 57; *Bank v. Fleming,* 63 Kan. 139, 65

Pac. 213.) The deeds in the instant case were completed and delivered in accordance with the contract and specific directions of the plaintiff grantors, and were valid. (21 C. J., Escrows, § 34; *Santaquin M. Co. v. High Roller M. Co.*, 25 Utah 282, 71 Pac. 77; *Lanktree v. Spring Mt. Acres, Inc.*, 213 Cal. 362, 2 P. 2d 338; *Yellow Chief Coal Co.'s Trus. v. Johnson*, 166 Ky. 663, 179 S. W. 599; *Hecht v. Acme Coal Co.*, 19 Wyo. 10, 113 Pac. 786; *Burk v. Johnson*, 146 Fed. 209.) Furthermore, plaintiffs ratified the completion of the deeds and the delivery thereof to defendants. The stock was sent to them by registered mail on April 29, 1929, and they were at that time notified in writing by the escrow holder that the Equal Royalty Company had been organized and that the deeds had been delivered as per their contract. They accepted the stock at that time and a dividend check in January of 1931. The first complaint of any kind was registered by the filing of the instant suits on April 18, 1935. Their conduct constituted ratification of the completion of the deed. (*Brown v. Ulmer*, supra.) Furthermore, plaintiffs did not ask to have the deeds canceled upon the ground the grantee corporation was not in existence at the time the written contracts and deeds were executed, but asked relief upon the grounds of fraud and want of consideration. They cannot now demand cancellation of the deeds by a court of equity upon an entirely different ground. (*Burk v. Johnson*, supra; 3 Black on Rescission and Cancellation, 2d ed., § 664.)

Plaintiffs contend the deeds were void for want of consideration. In view of what has been previously stated we need not discuss that contention.

Plaintiffs finally urge the deeds should be held invalid by reason of the fact their acknowledgments were taken by a justice of the peace in Trego county, but outside of his judicial township. G. S. 1935, 61-102, *ninth*, authorizes a justice of the peace "to take acknowledgments of deeds, mortgages and other instruments in writing." G. S. 1935, 67-209, provides:

"All deeds or other conveyances of lands, or of any estate or interest therein, shall be subscribed by the party granting the same, or by his lawful agent or attorney, and may be acknowledged or proved and certified in the manner herein prescribed."

G. S. 1935, 67-211, reads:

"All conveyances, and other instruments affecting real estate acknowledged within this state, must be acknowledged before some court having a seal, or

some judge, justice, or clerk thereof, or some justice of the peace, notary public, county clerk, or register of deeds, or mayor or clerk of an incorporated city."

These statutes do not appear to limit the authority of the justice of the peace to take acknowledgments solely within his judicial district, but the point raised, if good, is immaterial, as the deeds were valid as between the parties thereto. (G. S. 1935, 67-223; *Banister v. Fallis,* 85 Kan. 320, 322, 116 Pac. 822.) An acknowledgment has reference only to the proof of execution and not to the force of the instrument between the parties thereto. (*Gray v. Ulrich,* 8 Kan. 112.) Plaintiffs pleaded the execution of the deeds and their execution was admitted by their testimony.

The real ground on which cancellation of the deeds was sought was fraud. The court found generally in favor of the defendants. In commenting upon the evidence the court said:

"But, just as a matter of law, it seems to the court that the evidence has wholly failed to support the allegations of the petition and to establish fraud in this case."

The judgments are affirmed.