R. W. MEYER, LIMITED, *v.* N. B. McGUIRE
AND MRS. N. B. McGUIRE.

No. 2503.

ARGUED MARCH 2, 1944.         DECIDED MARCH 17, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

The plaintiff, a duly organized corporation, brought an action of indebitatus assumpsit to recover the amount of rents collected by the defendants from tenants on land previously deeded by quitclaim to the plaintiff. Upon trial, judgment was entered solely against the defendant Mrs. N. B. McGuire for the full amount claimed, from which she appeals by writ of error. Its assignments question the validity of the quitclaim deed. The only error properly assigned is that the trial judge erred in admitting into evidence the deed, on the ground that it was void because the grantee (plaintiff) was not in legal existence at the time the grantors signed.

The circumstances surrounding the signing of the deed by the grantors are not in dispute. The grantors, one of them being the appellant, were present at a meeting held for the combined purposes of forming a corporation, deeding to it whatever interests they individually had in the land and receiving from it shares of its stock. Pursuant thereto the deed in question was prepared, which names the plaintiff grantee, designating it as "a corporation to be formed." The deed expressly affirms that the "parties grantors have agreed to the organization of said corporation and have authorized the filing of Articles of Association thereof, in consideration of stock of said corporation to be issued to them," as well as that the grantors "at a pre-organization meeting" did "agree to transfer their interests" in the land to the plaintiff, "a corporation to be formed." It further authorizes "any officer of said corporation to accept this conveyance" and provides that it "irrevocably take effect" upon the incorporation of the grantee. There is also no dispute that on November 28, 1935, the grantors signed and acknowledged the deed and left it with their attorney, who retained possession of the document until it was delivered to the secretary-treasurer of the plaintiff, who accepted delivery on March 25, 1936, and on the same day recorded the deed, four days after the plaintiff had been duly incorporated and organized. Nor is it disputed that the plaintiff issued its stock to the grantors in consideration of the conveyance of the land which the grantors, including the appellant, accepted.

The time of acceptance of delivery being the criterion of every deed's final and complete execution (see *Victor v. Pili*, 26 Haw. 658), a grant *in futuro*, where no immediate delivery, acceptance and conveyance are intended to a proposed and potentially existent corporation named as grantee, becomes a valid conveyance *eo instanti* upon the acceptance of delivery by the grantee, which has in the

meantime qualified as a duly organized and corporate entity fully authorized by its articles of incorporation to hold land and accept deeds to it. (*Santaquin M. Co.* v. *High Roller M. Co.*, 25 Utah 282, 71 Pac. 77; see *Spring Garden Bank* v. *Hulings Lumber Co.*, 32 W. Va. 357, 9 S. E. 243, 3 L. R. A. 583.) Every reason of law and equity supports such a proposition, nor are the authorities in dispute thereon. However, to avoid any confusion it should be pointed out that the term "grant *in futuro*" employed therein is used in contradistinction to that of a grant *in praesenti* where, in order for the deed to be valid as a conveyance, the grantee at the time the grantor signs must be *in esse* so as to be capable not only of accepting an immediate delivery of the deed, but also of holding the title it purports to convey.

In the instant case, the grant by the terms throughout the deed is *in futuro* to the plaintiff grantee, which, when the grantors signed, had a potential existence by reason of their expressed agreement therein to incorporate it, the laws of the Territory permitting the formation of such a proposed land-owning entity. The deed thereafter, ceasing to be an offer to convey and a nullity in so far as vesting legal title in the land was concerned, became an actual and valid conveyance *eo instanti* as a matter of law upon the due acceptance of delivery by the grantee. This not only satisfied the conditions necessary to the consummation of the deed, but also those to which the deed looked forward. The delivery was made by the grantors' attorney as their agent and the acceptance was made by one of the officers of the grantee, which at that time was *in esse* and fully capable of such an act as a legally organized corporate entity in fulfillment of the grantors' agreement, having been incorporated under the corporate name by which it is designated in the deed and for the purpose of owning the identical land dealt with by the deed. (See

*Santaquin M. Co.* v. *High Roller M. Co., supra.*) Thus was the grant perfected, the deed then meeting every requisite of the law. It therefore as a fully executed conveyance was material in the trial below to the plaintiff's right of recovery for rents collected on the land transmitted, and hence was properly admitted into evidence. Furthermore, the appellant and the other grantors, assuming *arguendo* that such were necessary, ratified the delivery of the deed and the resultant completion of its execution by accepting from the plaintiff the consideration in the form of its stock for which the land had been quitclaimed and the deed executed. (See *Tawney* v. *Blankenship,* 150 Kan. 41, 90 P. [2d] 1111.)

No other points being raised, the writ is dismissed and the judgment below affirmed.

*J. V. Esposito* (also on the briefs) for plaintiff in error Mrs. N. B. McGuire.

*P. Cass* (*Cass & Silver* on the brief) for defendant in error.