No. 23,710.

RICHARD BEACHY, *Appellee,* v. HENRY D. JONES, *Appellee and Appellant,* and WILLIAM CAMPBELL, *Appellant.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Held in Due Course—Evidence.* The general finding of the jury that the note was held in due course was sustained by evidence.

2. SAME—*Special Questions—Judgment.* The answers to special questions submitted to the jury were supported by evidence, and those answers sustain the judgment.

3. SAME—*Cross Petition—Alleging Fraud—Limitation of Actions.* The statute of limitations does not run against an answer and cross petition that alleges facts sufficient to state a cause of action on the ground of fraud, although the proper relief is not asked until two years have expired after the discovery of the fraud where the answer and cross petition was filed within two years after that time.

4. SAME—*Conspiracy to Defraud — Evidence — Statement of Coconspirator.* Where three or more parties fraudulently secure the signature to a promissory note made payable to one of them, evidence of false statements made by another one of the parties to the maker of the note is competent, although the one making the statements is deceased at the time of the trial.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed May 6, 1922. Affirmed.

*R. W. Turner, Donald F. Stanley,* and *R. B. Turner,* all of Mankato, for appellant William Campbell; *L. C. Uhl, L. C. Uhl, jr.,* both of Smith Center, *R. C. Postlethwaite,* of Mankato, *A. M. Harvey,* and *Ralph T. O'Neil,* both of Topeka, for appellee Henry D. Jones.

*J. R. White,* of Mankato, and *F. W. Mahin,* of Smith Center, for appellee Richard Beachy.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff brought this action to recover on a promissory note for $4,500 executed by defendant Henry D. Jones, made payable to defendant William Campbell and by the latter indorsed to the plaintiff. Defendant Jones filed an answer and cross petition in which he alleged that the note had been procured by the fraud of William Campbell and that the plaintiff acquired the note with notice of the fraud, and asked that the plaintiff take nothing and that the note be canceled and held for naught, so far as defendant Jones was concerned. Afterward, he was permitted to amend the prayer to his answer by asking that in the event that

judgment should be rendered against him in favor of the plaintiff, defendant Jones should have judgment against defendant Campbell for the amount of the judgment against Jones. Judgment was rendered in favor of the plaintiff against Jones and Campbell and in favor of Jones against Campbell for the same amount. Jones appeals from the judgment against him in favor of the plaintiff, and Campbell appeals from the judgment against him in favor of Jones. This is the second time that this action has been before this court. (*Beachy v. Jones,* 108 Kan. 236, 195 Pac. 184.)

1. The only question presented by the appeal, of Jones is: Did the plaintiff acquire the note in due course for value before maturity? There was evidence to establish those facts, and the jury by its general verdict found that the plaintiff did acquire the note in that manner. Whether or not those facts were established was for the jury to determine. (*Beachy v. Jones,* supra.) This compels an affirmance of the judgment in favor of the plaintiff and against defendant Henry D. Jones.

2. On the trial which resulted in the judgment from which this appeal is taken, special questions were answered by the jury as follows:

"Q. 1. Was the note in suit procured from the defendant Henry D. Jones by fraudulent representations made by the defendant William Campbell? Ans. Yes.

"Q. 2. If you answer question No. 1, 'yes' then state what such false or fraudulent representations were? Ans. That said Wm. Campbell did make the statement to Henry D. Jones at said Jones' home, that 'as far as he knew it it was all right' meaning said Asbestos Mining Co. stock was all right.

"Q. 3. State whether or not there was any conspiracy between William Campbell, Charles Campbell & H. J. Egan to defraud Henry D. Jones by selling him 10,000 shares of Mid-West Asbestos Stock and procuring his note therefor? Ans. Yes.

"Q. 4. If you answer question No. 3 'yes,' then state: between which of said persons said conspiracy existed? Ans. Wm. Campbell, Chas. Campbell and H. J. Egan."

Campbell contends that these findings were not supported by evidence and that on them judgment should have been rendered in his favor as against Jones. An examination of the abstract reveals that this contention, so far as the evidence is concerned, is not good. That evidence and the findings showed that William Campbell actively, knowingly practiced a fraud on defendant Jones for which Campbell is liable to Jones.

3. Defendant William Campbell in his reply to the answer and

cross petition of Jones alleged that the action in favor of Jones and against Campbell was barred by the statute of limitations. That reply was filed after the action had been remanded to the district court for a new trial.

The note was dated October 9, 1916. In July, 1917, Jones received information which led him to make inquiry into the consideration that he had received for the note. On August 20, 1917, that investigation was made, and Jones then discovered the fraud that had been practiced on him to secure the note. This action was commenced by the plaintiff on July 16, 1919; the answer and cross petition of Jones was filed August 15, 1919; and the amendment to the answer and cross petition by which Jones asked for affirmative relief against Campbell was made November 22, 1919. The answer and cross petition of Jones, as first filed, did not ask for any direct relief against Campbell although sufficient was alleged to entitle Jones to judgment against Campbell on account of fraud. No relief against the latter was asked until November 22, 1919, more than two years after Jones discovered the fraud. But, Jones and Campbell were parties to the action from the beginning. The action was commenced, and Jones had filed his answer and cross petition before the statute of limitations had run in favor of Campbell against Jones. In *Beachy v. Jones,* 108 Kan. 236, 243, 195 Pac. 184, this court said:

"Passing next to the controversy between Jones and Campbell, there was nothing material the matter with Jones's cross petition. It narrated all the pertinent facts necessary to state a defense to the action, and a defense to Campbell's claim that Jones was primarily liable and himself only liable secondarily, and evidence thereon *in extenso* was admitted by the trial court. The only defect in the petition—if it was a defect—was in the prayer, and that is seldom very important. In *Eagan v. Murray,* 102 Kan. 193, 170 Pac. 389, it was said:

"'The prayer of a petition is merely the pleader's idea of the relief to which he is entitled; it is not a part of the statement of the cause of action; and if the cause of action [or defense] is sufficiently stated and sufficiently proved, the court will adjudge and decree the proper legal redress, which may or may not conform in whole or in part to the relief prayed for by the pleader.'"

The answer and cross petition of Jones was filed within two years after the discovery of the fraud and was sufficient to stop the running of the statute of limitations. The action of Jones against Campbell was therefore not barred.

4. The principal part of the effort for the sale of the stock to

Jones was made by Charles Campbell, a son of William Campbell. Charles Campbell was dead at the time of the trial. Jones was permitted to testify concerning conversations had with Charles Campbell during the negotiations. William Campbell contends that under section 320 of the code of civil procedure, it was error to receive that evidence. That section so far as it is material reads:

"No person shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, where either party to the action claims to have acquired title, directly or indirectly from such deceased person."

William Campbell did not acquire title to the note either directly or indirectly from Charles Campbell. William Campbell was the payee named in the note. The note was given directly to him. The evidence showed that Charles Campbell made false statements to procure the signature of Jones to the note, and the evidence also showed that William Campbell made false statements to procure that signature. The relation of Charles Campbell to this transaction does not bring the testimony of Jones within the terms of the statute.

Other matters are argued by defendant Campbell, but they are not of sufficient importance to justify a reversal of the judgment in favor of Jones.

The judgments are affirmed.