No. 23,759.

COMMERCIAL SECURITY COMPANY, *Appellant,* v. FRANK L. LOW,
*Appellee.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Defense of Fraud—Evidence—Burden of Proof.* In an ac-
tion on four promissory notes, defendant by competent evidence successfully
maintained the burden of showing to the satisfaction of the jury that the
notes were procured by fraud; plaintiff did not maintain the burden cast on
it by law in such case of showing that it was the holder of the notes in due
course and without notice of their infirmity; and the jury's verdict that the
plaintiff had "not purchased the notes at all" was sustained by evidence.
*Held,* judgment was properly entered in favor of defendant.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed
November 4, 1922. Affirmed.

*Thomas L. Bond,* of Salina, for the appellant.

*C. W. Burch, B. I. Litowich,* and *La Rue Royce,* all of Salina, for the
appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on four promissory
notes for $200 each, dated November 9, 1915, alleged to have been
executed and delivered by the defendant to the Partin Manufactur-
ing Company and duly sold, indorsed and transferred to the plaintiff
before their maturity.

Defendant's answer alleged that his signature to the notes was ob-
tained by false and fraudulent representations, that the four notes
were printed upon a single sheet of paper without perforation, and
this paper also contained a contract which pertained thereto, and
that before signing the contract and notes a recital was inserted,
viz: "This contract not accepted until approved by myself and my
banker, Fred Walker."

Defendant further alleged that this condition was never fulfilled
and that the contract was never accepted, and that the plaintiff was
not the real party in interest.

On this joinder of issues, the defendant adduced evidence tending
to show that the notes were on one sheet of paper, on which was also
a contract relating to an advertising scheme for stimulating the sale
of defendant's merchandise, and which involved the giving of prizes
—an automobile, dishes, jewelry and the like. Defendant also pro-

duced the payee's correspondence with him, and testified to certain dealings and negotiations with an agent of the payee covering a period of several weeks after the date of the notes in controversy. This evidence established with reasonable clearness that the contract and attached notes were not unequivocally delivered to the payee on the date of their alleged execution, and that their transfer to the plaintiff was a fraud on the defendant.

That evidence being adduced, the burden then shifted to the plaintiff to show that it had received the notes in due course and without notice of any infirmity therein. Plaintiff attempted to shoulder that burden, and the president of the plaintiff corporation, a Chicago concern, testified that he had purchased the notes from the payee, a Tennessee concern, some eight days after the notes were dated and signed, and that he had no notice of any infirmity in them. But it was significantly shown that certain correspondence touching these notes had passed between the plaintiff and the payee after this alleged purchase, and while most of this correspondence was conveniently absent from the plaintiff's files and not forthcoming at the trial, yet enough of it was produced to show that the plaintiff was taking instructions from the original payee, and that plaintiff's course of conduct was directed by that party, and that the latter withheld action to recover on these notes until the original payee had exhausted its efforts to induce the defendant to go ahead with the original contract or to enter into a new one. These facts and circumstances tended to prove that the plaintiff did not own the notes as a *bona fide* holder, and that the action in its name was merely an attempt to cut off such defenses as might be made if brought by the original payee. Mayhap this evidence was not strong, but it certainly went far enough to put the question beyond the power of the trial court to decide in favor of plaintiff as a matter of law, and to make it a jury question; and in response to a special question the jury answered:

"1. Did plaintiff purchase the notes sued upon prior to their maturity? Answer: No, not purchased at all."

Judgment was accordingly entered for defendant.

We see no way to disturb this result. The defense of fraud being fully pleaded, the defendant had the right to show the nature of the transaction. He could not produce the original document because it had been mutilated, and part of it was cut up into four separate promissory notes and these were produced at the trial, so that an-

swers the objection of appellant that the defendant was allowed to testify "to the contents of a written instrument without showing its loss or destruction or that any effort had been made to procure the original."

The testimony of defendant pertaining to conversations with the agent of the payee after the contract and notes were signed was competent on the question whether that contract was executed and the notes delivered on November 9, 1915, or whether they were to be held in abeyance until the contract was accepted and approved as the defendant alleged.

The general principle of law governing such cases as this is too well understood to justify discussion. When a person is induced by fraud to sign a promissory note and that note turns up in the hands of a third party claiming to own it and seeking to collect on it, the maker may plead and prove that his signature to the note or its delivery was obtained by fraud; and when such showing is made, the burden passes to the plaintiff to show that he became the holder for value, in due course, and without notice of its defects and infirmities. It is also settled law that the determination of such issues of fact is within the province of a jury. (Negotiable Instruments Law, § 66, Gen. Stat. 1915, § 6586; *Ireland v. Shore,* 91 Kan. 326, 137 Pac. 926; *Beachy v. Jones,* 108 Kan. 236, 241, 195 Pac. 184; *id.,* 111 Kan. 254, 206 Pac. 895.)

The record discloses no error and the judgment is affirmed.