No. 24,650.

A. E. MERRIAM, *Appellee*, v. JADE WEST, *Appellant* (F. V. MINTER, *Appellee*.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Given for Illegal Consideration—Sixty-fourth Interest in Oil and Gas Lease.* A note given for the sale of a one sixty-fourth interest in an oil and gas lease, the seller having no permit from the charter board to sell such fractional interest in the lease, in violation of chapter 153 of the Laws of 1919 and section 9469 of the General Statutes of 1915, prohibiting such sale and making it a felony, is given for an illegal consideration within the meaning of the negotiable instruments law. (Gen. Stat. 1915, § 6582.)

2. SAME—*Indorsee of Illegal Note May Be a Holder in Due Course.* The indorsee of such a note, negotiable in form, who is a holder in due course, may recover thereon from the maker.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 7, 1923. Affirmed.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellant.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes, D. W. Eaton,* and *John L. Gleason,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action upon a promissory note, negotiable in form, by an indorsee claiming to be a holder in due course. There was a trial to the court, a general finding and judgment for the plaintiff, and the defendant has appealed.

The defense was that the note was given for an illegal consideration and that the plaintiff was not a holder in due course.

The note was given for a one sixty-fourth interest in an oil and gas lease. As the evidence disclosed that the seller was syndicating an oil lease yet to be developed, the statute (Laws of 1919, ch. 153) required that he procure a permit from the charter board if the share or interest sold was less than one twenty-fifth of the lease and the sale of such smaller share without such permit is made a felony by the statute. (Gen. Stat. 1915, § 9469.) The sale being in violation of a penal statute a note given for such share is given for an illegal consideration and as between the parties to the instrument the payee could not recover from the maker. (*Nyhart v. Kubach,*

76 Kan. 154, 90 Pac. 796.) Section 6582 of the General Statutes of 1915 reads as follows:

"The title of a person, who negotiates an instrument, is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud."

It will be noted by the section of the statute just quoted, a note given for an illegal consideration is defective in the hands of the person to whom it is given, the same as though it were induced by fraud.

The plaintiff in this case is an indorsee for value and before maturity, and claims to have had no knowledge of the defective title of the payee. Section 6583 of the General Statutes of 1915 reads as follows:

"To constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

The note in question here would not have been for an illegal consideration had the payee obtained permission from the charter board to sell the fractional interest in the lease which was sold. There is no evidence in this case tending to show that the plaintiff had any knowledge that such permission had not been obtained. He did know that the note was given in payment for a share of an oil and gas lease and the evidence is conflicting as to whether or not he knew it was given for a one sixty-fourth interest. The court found generally in favor of the plaintiff and against the defendant and specifically found "That said plaintiff took said note in due course without notice of infirmity therein." Whether the plaintiff had any knowledge of the infirmity or defect is a question of fact to be determined from the evidence by the triers of fact, the jury or the court, as the case may be. Such findings are conclusive upon this court unless we can say there is no evidence upon which it can be based. That cannot be said in this case and the judgment of the court below is affirmed.