No. 25,321.

Patrick H. Coney, *Appellant*, v. Coleman Duncan (Lenore V. Caldwell, *Appellee*).

SYLLABUS BY THE COURT.

Promissory Note—*Defense of Fraud—Plaintiff Not a Holder in Due Course.* Various assignments of error considered in an action on a promissory note, and held to be unfounded.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed June 7, 1924. Affirmed.

*Richard E. McIntosh, Joseph G. Waters,* and *John C. Waters,* all of Topeka, for the appellant.

*A. A. Godard,* and *J. Arthur Myers,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover on a promissory note. The defense was that the note was procured by false and fraudulent representations and that the plaintiff was not a holder in due course. The defendant prevailed and plaintiff appeals.

Plaintiff alleged in his petition that the note (for $500) was executed October 13, 1921, for a valuable consideration, due in six

months; that on October 19, 1921, before maturity, in the usual and ordinary course of business and for a valuable consideration, it was sold, indorsed and delivered to him by Coleman Duncan.

The defendant in her answer alleged that the note was procured by false representations and breach of contract by Duncan; that the plaintiff was not the owner or holder in due course; that the note was wholly without consideration, of which fact the plaintiff had ·knowledge prior to the time he acquired it. There was testimony to show that false ·and fraudulent representations were made by Duncan, and that he was counseling with the plaintiff; that plaintiff and Duncan procured a loan from the Bank of Topeka on a note signed by them, and that defendant's note was given to the bank as collateral security; that Duncan failed to pay the bank, plaintiff was compelled to do so, and then came into possession of defendant's note.

In addition to the general verdict for defendant, the jury answered special questions as follows:

"1. Was there any consideration given to the defendant for the note sued on?   A. No.

"2. Was the note sued upon procured by Coleman Duncan from the defendant, Lenore V. Caldwell, by fraud or misrepresentation?   A. Yes.

"3. Did the plaintiff purchase the note sued on?   A. No.

"4. Is the plaintiff a holder in due course of said note?   A. No.

"6. Did Coleman Duncan indorse the Caldwell note to the plaintiff, P. H. Coney?   A. No.

"8. Did Coleman Duncan negotiate the Caldwell note in breach of faith or under such circumstances as amounted to bad faith?   A. In bad faith."

Plaintiff contends that he was an indorser, holder and owner of the Caldwell note, for value, and had no knowledge or notice of any infirmity, and that what occurred between the maker and payee could not be set up as a defense; that the court should have required the jury to return a verdict for the plaintiff; that there was no evidence that plaintiff had any knowledge of any infirmity in the note sued on, and that the court erred in not so instructing the jury.

It would serve no useful purpose to set out the testimony. We have carefully examined the record, and are unable to say that there was no evidence to support the verdict and findings of the jury. What was said in *Security Bank v. Low,* 112 Kan. 153, 155, 210 Pac. 90, appears applicable here:

"The general principle of law governing such cases as this is too well understood to justify discussion. When a person is induced by fraud to sign a

promissory note and that note turns up in the hands of a third party claiming to own it and seeking to collect on it, the maker may plead and prove that his signature to the note or its delivery was obtained by fraud; and when such showing is made the burden passes to the plaintiff to show that he became the holder for value, in due course, and without notice of its defects and infirmities. It is also settled law that the determination of such issues of fact is within the province of a jury. (Negotiable Instruments Law, § 66, Gen. Stat. 1915, § 6586 [R. S. 52-706]; *Ireland v. Shore*, 91 Kan. 326, 137 Pac. 926; *Beachy v. Jones*, 108 Kan. 236, 241, 195 Pac. 184; id., 111 Kan. 254, 206 Pac. 895.)" (See, also, *Merriam v. West*, 114 Kan. 131, 216 Pac. 1102; *Consolidated Motors Co. v. Urschel*, 115 Kan. 147, 222 Pac. 745.)

We have considered the various complaints of error, but find none that would warrant a reversal.

The judgment is affirmed.