No. 32,642

FRED WESTHUSIN AND JULE WESTHUSIN, *Appellees*, v. THE. LANDOWNERS OIL ASSOCIATION, *Appellant*.

(55 P. 2d 406)

Opinion filed March 7, 1936.

*Jerry E. Driscoll*, of Russell, *James O. McVey*, of Hill City, *R. A. Kleinschmidt* and *Marvin T. Johnson*, both of Tulsa, Okla., for the appellant.

*D. A. Hindman*, of Stockton, for the appellees.

The opinion of the court was delivered by

BURCH, C. J.: The action was one by landowners to cancel a mineral royalty conveyance. The district court canceled the conveyance, and quieted the landowners' title. Defendant appeals.

The defendant, The Landowners Oil Association, is a Delaware corporation, engaged in operating a pool of oil and gas royalty interests, pursuant to a plan heretofore considered by this court. (*Moos v. Landowners Oil Ass'n*, 136 Kan. 424, 15 P. 2d 1073, November, 1932. See, also, *Beltz v. Griggs*, 137 Kan. 429, 20 P. 2d 510, April, 1933; *Ward v. Home Royalty Ass'n*, 142 Kan. 546, 50 P. 2d 992, November, 1935.)

J. A. Collins owned the land involved, and leased to Buford & Brimm for oil and gas purposes, reserving a share of mineral produced, known to the industry as royalty, and in case of delayed pro-

duction, certain payments known as rental. In January, 1929, Collins deeded one half his royalty and rental to the oil association, to be placed in the association's "Pool A," from operation of which Collins was to receive periodically distributive shares of income. On April 8, 1929, Collins conveyed the land to plaintiffs by warranty deed which excepted from the covenant relating to former grants, two mortgages, the oil and gas lease, and the royalty deed to the oil association. The deed also provided that all rentals and royalties were to follow the land, which was operatively interpreted as assigning to plaintiff Collins' share of pool income, as well as his unsold rental and royalty.

On January 22, 1934, plaintiffs commenced their action. The sole ground for the relief prayed for was that the oil association had not, before taking the Collins royalty deed, obtained a permit to sell speculative securities, the distributive shares of income from operation of "Pool A," which Collins obtained for his royalty deed, being confessedly speculative securities. The case was determined on an agreed statement of facts. The court found the conveyance was void, and rendered judgment as indicated.

The district court erred. The Collins conveyance was not void for failure of the oil association to procure a permit, but was voidable only, and was voidable only under certain conditions.

The purpose of the speculative securities act was to prevent accomplishment of fraud. The act in force when the royalty deed was made provided that it should be "unlawful" for any person to sell speculative securities without first obtaining a permit to do so (R. S. 17-1202), and a penalty was imposed for violation of the act. Before the statute was enacted, it was not unlawful to sell such securities. Such transactions were not malum in se, and the statute did not make them so. They were merely forbidden, except on condition a permit should first be obtained. A void transaction has no effect on legal relations, cannot be ratified, and estoppel may not be urged against one who seeks to avoid it.. This court has uniformly held that no such consequences attend a sale in disregard of the speculative securities act.

In the case of *Merriam v. West,* 114 Kan. 131, 216 Pac. 1102, the court allowed recovery by the endorsee for value without notice of infirmity, on a promissory note given for purchase of speculative securities. This would not have been permissible, with or without

a negotiable instruments act, if the note had been void in the sense it was classifiable with forged instruments.

In the case of *Wichita Duntile Co. v. Wright,* 130 Kan. 139, 285 Pac. 635, real estate was conveyed to the company for shares of stock of the company, which were speculative securities. In an action by the company to quiet title against its grantors, it was contended the conveyance was void because the company had not obtained a permit to sell such securities. From a judgment quieting the title of the company, the grantors appealed. This court affirmed the judgment on the ground the grantors were estopped, for reasons stated in the opinion, to question effectiveness of their conveyance. Therefore a sale of speculative securities without a permit may not always be avoided, even as between the original parties.

In the royalty pooling cases of *Moos v. Landowners Oil Ass'n,* and *Beltz v. Griggs,* supra, this court distinctly held that failure to procure a permit to sell speculative securities did not render royalty conveyances absolutely void, but merely rendered them voidable as between the parties.

In the opinion in the case of *Westerlund v. Black Bear Mining Co.,* 203 Fed. 599, 611 (C. C. A. 8th Cir.), Judge Sanborn, speaking for the court, called attention to the fact that the statute of 13 Eliz., c. 5, declared a conveyance in fraud of creditors to be "utterly void, frustrate, and of none effect." But such conveyances were universally held to be voidable only, to be valid until avoided, to be voidable only by the persons to be protected, and to be capable of ratification by those persons. The same is true of numerous regulatory statutes besides the speculative securities act.

The speculative securities act now reads:

"Every sale . . . in violation of any of the provisions of this act shall be voidable at the election of the purchaser." (R. S. 1933 Supp. 17-1240.)

This provision appeared in the general revision in 1929 of the speculative securities act (Laws 1929, ch. 140, § 18). When enacted, the provision was in accord with settled existing law and was, in fact, merely declaratory of the existing law. The act was passed and approved in March, 1929, before Collins conveyed to plaintiffs in April, 1929, but the act did not take effect until July 1, 1929.

Plaintiffs contend the Collins royalty conveyance to the oil association was void as unconscionable. The question was not raised by the petition, which counted solely on failure to obtain a blue-

sky permit. The question was not referred to in the agreed facts. The question was not referred to in the district court's findings, and was not decided by the district court. If the question were before this court for consideration, the decision in the Moos case would be pertinent.

Plaintiffs refer to certain language used in the opinion in the case of *Ward v. Home Royalty Ass'n,* 142 Kan. 546, 50 P. 2d 992. The sole question in that case was whether the speculative securities act operated to burden interstate commerce. The opinion was devoted to showing the speculative securities act was a proper exercise of police power of the state to secure its citizens against accomplishment of fraud. The subject of intrinsic fraud as a ground of cancellation was not involved in the Ward case, and is not involved in this case. If it were, the decision in the Moos case and the decision in the Beltz case would be pertinent.

Collins conveyed to defendant only half of his royalty and rental under the mineral lease. Pursuant to the deed from Collins to plaintiffs, the other half went with the land to plaintiffs. Plaintiffs sued defendant for the share of rental which defendant had received after plaintiffs became owners of the land. Plaintiffs received from defendant dividends from operation of the pool. The amount received by defendant was greater than the amount defendant paid to plaintiffs, and the district court rendered a money judgment in favor of plaintiffs and against defendant, for the difference.

Defendant raised two questions in its answer: First, privilege of plaintiffs to avoid the Collins royalty conveyance; and second, if plaintiffs ever had such privilege, whether they could exercise it when they undertook to do so.

It will be recalled the Collins royalty conveyance to defendant was made in January, 1929, and plaintiffs purchased the land of Collins in April, 1929. The Collins royalty conveyance to defendant was on record, and was referred to in the deed from Collins to plaintiffs.

The Collins royalty conveyance to defendant recited that the pool in which his royalty was placed consisted of more than 10,000 acres of oil and other mineral royalty rights assembled by defendant, and placed in "Pool A" within six months of the first conveyance. One stipulation of fact was that about the date of the Collins royalty deed defendant entered into a number of other similar transactions

in Rooks county and in a number of other counties in the state of Kansas. Collins received one small dividend from operation of the pool. Thereafter plaintiffs received from defendant small dividends as follows: One in June, 1929; two in September, 1929; one in December, 1929; two in March, 1930; one in June, 1930; two in September, 1930; one in December, 1930; one in March, 1931; one in June, 1931; one in December, 1931; one in September, 1932; one in December, 1932; one in December, 1933.

Plaintiffs did not commence their action until January 22, 1934. Assuming plaintiffs were originally privileged to avoid the royalty conveyance, they were required to act with reasonable promptness and decisiveness. They could not affirm for a while and then disaffirm. Operation of the pool affected property and financial interests of many persons, and plaintiffs could not experiment regarding the advantages to them of membership in the pool for more than four years, and then successfully apply to a court of equity to take them out.

The Collins royalty deed to defendant was voidable by Collins on the ground defendant had not procured a permit to sell speculative securities. The deed was not void and was valid until disaffirmed. Collins affirmed it. He accepted a dividend, and when he sold to plaintiffs, he expressly excepted from his warranty against former grants the outstanding royalty deed to defendant, just as he excepted the mineral lease itself. The result is, plaintiffs have no privilege to avoid the royalty deed. The speculative securities act was not passed for their benefit. It was passed for the benefit of the class of persons to which Collins, as a buyer of speculative securities, belonged, and to which plaintiffs, as land buyers, did not belong. If Collins were satisfied, no one could complain for him, and he was satisfied.

A contention, based on the decision in the case of *Flick v. Murdock*, 115 Kan. 862, 225 Pac. 119, that plaintiffs purchased from Collins privilege to avoid the royalty deed, is without merit. Plaintiffs purchased with notice and with actual knowledge of the royalty deed. They got what their deed granted to them, which included the land, a share of rental and royalty, determinable by taking into account the royalty deed, and benefits under the royalty deed.

The judgment of the district court is reversed and the cause is remanded with direction to enter judgment for defendant.