No. 33,643

THE UNITED FINANCE PLAN, INCORPORATED, *Appellant*, v. JOHN MEIER, *Appellee*.

(78 P. 2d 904)

Opinion filed May 7, 1938.

*J. T. Boyle,* of Arkansas City, and *Charles N. Sadler,* of Kansas City, Mo., for the appellant.

*E. T. Bloomer,* of Winfield, *O. Renn* and *George Templar*, both of Arkansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a promissory note, executed by defendant, payable to the order of L. A. Savidge, and by him endorsed, which plaintiff alleged it held in due course. The answer alleged fraud which induced the execution of the note, and further alleged that the payee, plaintiff, and another engaged in a fraudulent conspiracy, as a result of which the note was executed. A jury trial resulted in a verdict and judgment for defendant. Plaintiff has appealed.

Appellant's principal argument in this court relates to the conspiracy branch of the defense, and it is contended that the evidence is insufficient to establish the conspiracy alleged, and that some of it was improperly received. While we regard these points as not well taken, it is not necessary to state the evidence bearing upon them in detail, or to analyze them with care. There is an abundance of evidence to sustain a finding of fraud on the part of the payee which induced the execution of the note. Appellant does not seriously contend otherwise. In that situation, our statute (G. S. 1935, 52-509) placed the burden of proof on plaintiff to show that it was

a holder in due course. (*Beachy v. Jones*, 108 Kan. 236, 241, 195 Pac. 184; *Bank v. Birch*, 111 Kan. 283, 286, 207 Pac. 191; *Security Co. v. Low*, 112 Kan. 153, 155, 210 Pac. 190; *Trust Co. v. Gill*, 113 Kan. 261, 270, 214 Pac. 413; *Weisendanger v. Lind*, 114 Kan. 523, 526, 220 Pac. 263; *Coney v. Caldwell*, 116 Kan. 354, 356, 226 Pac. 783; *Smith v. Jones*, 145 Kan. 892, 67 P. 2d 506.) While plaintiff offered evidence which, standing alone, would have justified a finding that it was a holder in due course, there was much in the evidence to weaken that view. Indeed, had the burden been on defendant to show that plaintiff was not a holder in due course the evidence would have sustained a finding for defendant.

This was primarily a fact case. The issue, whether plaintiff was a holder in due course, was for the jury and trial court. There is no new or unusual question of law involved. There is nothing to indicate plaintiff did not have a fair trial.

The judgment of the trial court is affirmed.