No. 35,176

J. A. EICHMAN, JR., *Appellant,* v. THE LANDOWNERS OIL ASSOCIATION, THE CITIES SERVICE OIL COMPANY, and THE CITIES SERVICE GAS COMPANY, *Appellees.*

(118 P. 2d 1056)

Opinion filed June 7, 1941.

*D. A. Hindman,* of Stockton, for the appellant.

*A. M. Ebright, P. K. Smith, R. A. Hickey* and *Harold Irwin,* all of Wichita, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action to set aside and cancel an instrument designated "Oil and Gas Conveyance" conveying to Landowners Oil Association, its successors and assigns, all of the oil, gas and mineral rights in and under a one-half section of land in Graham county for a period of twenty years or as long thereafter as oil or gas was produced therefrom or development operations conducted thereon. The defendant was engaged in operating a pool, the general nature of which has been heretofore considered by this court. (*Moos v. Landowners Oil Ass'n,* 136 Kan. 424, 15 P. 2d 1073; *Westhusin v. Landowners Oil Ass'n,* 143 Kan. 404, 55 P. 2d 406.)

The trial court sustained a demurrer to plaintiff's amended petition, and plaintiff appeals.

The petition alleges the existence and residence of the defendants, that plaintiff is the owner of certain described land in Graham county and is now in quiet, peaceable possession thereof; that on the second day of July, 1928, plaintiff executed a pretended mineral conveyance transferring all the oil, gas and mineral rights in and under the described land to the defendant, Landowners Oil Ass'n, a corporation, for a term of twenty years from date and as long thereafter as any oil or gas, or casinghead gas, or any mineral is produced therefrom, or the premises are being developed or operated by the

grantee, its successors or assigns; that by the terms of the instrument, plaintiff received as consideration a purported interest in certain mineral rights belonging to the defendant, the interest being an interest in a royalty pool known as Pool 1, which consists of more than 25,000 acres and not exceeding 500,000 acres; that the interest being an ownership in the pool in the same proportion that the number of acres described above bears to the actual number of acres comprising the royalty pool; that the conveyance was filed for record on the 18th day of July, 1928, and that the conveyance is null and void and of no effect and should be canceled for the following reasons, to wit:

1. That the instrument is void on its face as being unfair and unconscionable.

2. That without waiving the reason set out in the preceding paragraph, plaintiff alleges that the defendant Landowners Oil Ass'n, a corporation, is not a drilling company and does not attempt to develop any oil or mineral rights on any land; that the defendant has during all of the times mentioned herein been selling and disposing of portions, or interests of the property comprised in Pool 1; that plaintiff is unable to set out a list of such conveyances, but alleges that they are within the knowledge and a part of the records of the defendant Landowners Oil Ass'n, and that since the aforesaid conveyance plaintiff has been paid by defendant, or its trustee, the sum of $62.27. (At the oral argument it was conceded the payments amounted to $209.67.) That during such time, defendant Landowners Oil Ass'n, and defendant Sinclair Prairie Oil Co., have collected $1,600 in delay rentals from an oil and gas lease that has been placed on the land. The exact proportion that has been collected by each of the defendants is unknown to plaintiff, but alleges that defendant Landowners Oil Ass'n has collected more than $800 thereof, and that because of the unfair terms of the conveyance, together with the manner of the operation thereof as herein related, makes the transaction void as being unconscionable.

It was further alleged that defendant Sinclair Prairie Oil Company claims some interest in the property by virtue of an assignment of an interest in the conveyance, and that the defendant and all other defendants herein claim some other interest or estate in the land, the nature of which is unknown to this plaintiff, but which plaintiff alleges is wholly void and without foundation in law or equity, but exists as a cloud upon the title of this plaintiff; that

plaintiff disclaims any interest in the Landowners Oil Ass'n, a corporation, or in Pool 1 described herein, or in any portion held in trust or owned by the corporation.

The prayer is for judgment for $1,600, less amounts paid plaintiff, that the conveyance be decreed null and void and canceled of record, and that defendants and each of them and all persons claiming under them be forever barred and enjoined from claiming any right, title or interest in and to the land.

The petition alleges that defendant has during all of the times mentioned herein been selling and disposing of portions or interests of the property comprised in Pool 1, and that since the conveyance plaintiff has been paid by the defendant and/or its trustee, the sum of $62.27; that defendants collected $1,600 in delay rentals from an oil and gas lease that was placed on the land, and that because of the unfair terms of the conveyance, together with the manner of the operation thereof, the transaction is void as being unconscionable.

It will be noted there is no allegation that the sale of interests as alleged is without authority or fraudulent in any respect, or was not made for full value. There is no allegation that the collection of $1,600 in delay rentals and the payments to plaintiff on the dates set out, was not in strict accordance with the terms of the pooling agreement or that the amount so paid was not all the plaintiff was entitled to.

The contention of plaintiff is that the transaction is void as being unconscionable. An attempt is made to distinguish this transaction from the one considered in *Moos v. Landowners Oil Ass'n*, supra, in which this court held the conveyance not to be invalid as unconscionable or intrinsically fraudulent, on the basis that here all of the oil, gas and mineral rights of the landowners are conveyed.

The argument that the pooling of the entire royalty interest as distinguished from the one-half interest considered in *Moos v. Landowners Oil Ass'n*, supra, and *Westhusin v. Landowners Oil Ass'n*, supra, makes this conveyance unconscionable, is not impressive.

In the *Moos* case it was held:

"In an action by a landowner who had leased his land for oil and gas purposes, to cancel a conveyance whereby he pooled one-half of his royalty, it is *held*: (1) The conveyance was not invalid as unconscionable or intrinsically fraudulent."

We fail to discern how a larger participation in the pool with provision for the same proportionate returns is more objectionable than

a lesser one. If the investment itself is not unconscionable, and we have held it is not, then the amount of participation cannot make it so.

The arguments and authorities cited are similar to those heretofore considered in *Moos v. Landowners Oil Ass'n*, supra; *Westhusin v. Landowners Oil Ass'n*, supra; *Beltz v. Griggs*, 137 Kan. 429, 20 P. 2d 510. It would serve no good purpose to reconsider them in this case.

Other questions presented become immaterial in view of the decision we have reached.

The judgment of the trial court, sustaining the demurrer to plaintiff's amended petition, is affirmed.

DAWSON, C. J., not participating.